IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSEPH R. TRUJILLO,**

    **Plaintiff,**

vs.                                                                       CIV No. 02-1437 JC/WDS

**BOARD OF COUNTY COMMISSIONERS
of VALENCIA COUNTY, VALENCIA
COUNTY SHERIFF'S DEPARTMENT,
VALENCIA COUNTY DEPUTY JIMMY
T. PALMER, in his individual capacity,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on County Defendants' Motion for Summary Judgment, filed July 8, 2003 (*Doc. 24*). Having reviewed the motion, memoranda and all relevant authority, the Court finds the motion well-taken, and it is, therefore, granted.

**I.**    **Background**

This case arises out of a domestic dispute between Plaintiff and his former wife. On October 21, 2000, Plaintiff and his brother drove to Plaintiff's former home to retrieve some of his personal property. Plaintiff's former wife was still living in the home at the time, and she was present when Plaintiff and his brother arrived. Due to a restraining order on Plaintiff, his former wife called the Valencia County Sheriff's Department to supervise the removal of his belongings.

When Defendant Palmer and another deputy arrived, they approached Plaintiff and his brother in a "gun ready manner" ordering Plaintiff to remove his hands from his pockets. According to Plaintiff, Defendant Palmer spoke to him in a "loud and threatening voice" and ordered him to turn

around to be handcuffed. Plaintiff complied but explained to Defendant Palmer that he had nerve damage in his hands and wrists and that his back and neck were injured. After handcuffing Plaintiff, Defendant Palmer took the handcuffs, twisted Plaintiff's arm and pushed him towards the squad car. At the car, Defendant Palmer shoved Plaintiff against it causing Plaintiff's head to strike the vehicle. The force of the blow caused Plaintiff's eye glasses to break.

## II.    Standard of review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a summary judgment motion, the court is to view the record "in the light most favorable to the nonmoving party." *Thournir v. Meyer*, 909 F.2d 408, 409 (10th Cir.1990) (citation omitted).

## III.    Analysis

Where a plaintiff fails to file a timely response to a summary judgment motion, the plaintiff waives "the right to file a response and confesses all facts asserted and properly supported in the motion." *Murray v. City of Tahlequah, Okla, et al.*, 312 F.3d 1196, 1199 (10th Cir. 2002). A defendant thus is entitled to summary judgment after satisfying the initial burden of showing there are no material issues of fact under Fed.R.Civ.P.56. *Id* at 1200. In the present case, Plaintiff failed to respond to Defendants' motion for summary judgment within fourteen calendar days as prescribed under the local rules. D.N.M.LR-Civ. 7.6(a). Due to Plaintiff's failure, the Court will review the facts as construed in Defendants' motion. The Court finds Defendants have satisfied their initial burden of demonstrating that there are no material issues of fact and that they are entitled to judgment as a

matter of law.

As an initial matter, Defendants assert that Defendant Palmer, who is sued in his individual capacity, is not a party, as Plaintiff did not serve him with the Complaint. County Defendants, however, do not have standing to make this assertion. Defendant Palmer, therefore, is not considered in this Memorandum Opinion and Order.

**a.     Excessive force and failure to train**

Plaintiff's Complaint alleges that Defendant Palmer's actions amounted to excessive force, and the County is liable due to its negligent retention, supervision and failure to train its officers.[1] To overcome the summary judgment hurdle, a plaintiff suing a county under 42 U.S.C. § 1983 for the actions of one of its officers must demonstrate two elements: (1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation. *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978). In the present case, Plaintiff's facts allege that Defendant Palmer placed Plaintiff in handcuffs and roughly shoved him against the squad car, causing Plaintiff's eye glasses to break.[2] Even assuming these actions amount to a constitutional violation, Plaintiff's facts do not support the second element.

Inadequate police training, in some situations, may amount to constitutional liability for a municipality. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002). However, "only

---

[1] Although Defendants' memorandum differentiates between the County and the Sheriff's Department, the Court will treat the Sheriff's Department as a proper County Defendant. The Court notes that Defendants assume that a sheriff's department is not an independent legal entity. Defendants' assumption, however, is not supported by case law, and Defendants' only citations concern police departments, not sheriff's departments. The Court will not decide at this time whether a sheriff's department is a distinct legal entity and will dismiss the sheriff's department on other grounds.

[2] Defendants' motion seems to concede Plaintiff's facts, as its statement of undisputed material facts merely references Plaintiff's Complaint. The Court will, therefore, assume Plaintiff's facts to be true.

where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' ... --can a city be liable for such failure under § 1983." *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). A failure to train, therefore, must rise to the level of "deliberate indifference to the rights of persons with whom the police come into contact" for liability to attach to a municipality. *Id.*

A four-part test is used by courts to determine whether a municipality should be held liable for inadequate training in the use of force.

> [A] plaintiff must show (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city towards persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.

*Id.* (quoting *Allen v. Muskogee*, 119 F.3d 837, 841-42 (10th Cir. 1997)).

Although Plaintiff's facts may be sufficient to meet the first element, his facts do not support elements two through four, as the Complaint does not allege any facts required to prove these elements. Instead, the Complaint asserts that the County has a duty to insure its employees are properly trained. Such statement, without supporting facts, is not sufficient to demonstrate the required elements of the four-part test. Plaintiff's claim thus fails as a matter of law.

b.     **Plaintiff's Claims under the New Mexico Tort Claims Act**

Pursuant to the New Mexico Tort Claims Act (NMTCA), a county's immunity is waived for certain specified acts of its employees. N.M.Stat. Ann. §§ 41-1-4 *et seq*. Pursuant to the NMTCA, a potential litigant must give notice to the governmental entity involved within ninety days of the occurrence giving rise to the claim. § 41-4-16. In the present case, Defendants assert, and support with an affidavit, that Plaintiff failed to give the County notice of his claim. *Brief in Support of*

*County Defendants' Motion for Summary Judgment*, filed July 8, 2003 (*Doc. 25*), Exhibit A. Plaintiff's claims under the NMTCA are, therefore, barred.

## IV.   Conclusion

Due to Plaintiff's failure to respond to County Defendants' Motion for Summary Judgment, the Court views the facts as stated in Defendants' Motion. In the present case, Defendants seem to have adopted Plaintiff's facts as alleged in his Complaint. The facts in Plaintiff's Complaint, however, are not sufficient to demonstrate a material issue of fact regarding municipal liability. The Court thus finds Defendants are entitled a judgment as a matter of law.

Wherefore,

IT IS ORDERED that County Defendants' Motion for Summary Judgment, filed July 8, 2003 (*Doc. 24*), is GRANTED;

IT IS FURTHER ORDERED that Plaintiff has thirty (30) days to provide to the Court proof of service on Defendant Palmer. If Plaintiff fails to provide such proof within that time, the Court will dismiss the remaining claims against Defendant Palmer for lack of service.

Dated October 22, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    Helene Garduño Dobbins, Esq.
    Albuquerque, New Mexico

Attorneys for County Defendants:

    William D. Slease, Esq.
    Jonlyn M. Martinez, Esq.
    Albuquerque, New Mexico